**Affirm and Opinion Filed August 7, 2013**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-01015-CR**

**MICHAEL D. WILLIAMS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F94-03570-TK**

## MEMORANDUM OPINION

Before Justices Moseley, Bridges, and Lang-Miers
Opinion by Justice Bridges

Appellant Michael D. Williams, appearing pro se, appeals from the denial of his motion

for post-conviction DNA testing. We affirm.

### Background

In the underlying case, the trial court convicted appellant of aggravated assault and

assessed appellant's punishment at 20 years' imprisonment and a $1,000 fine. The collision at

issue took place in the early morning hours of July 2, 1994. Five vehicles were parked along a

well-lit street. Tommie Stillwell testified she was standing between a car and a truck, talking to

some friends. Stillwell remembered being struck by a car and thrown. As a result of the

collision, Stillwell's back was broken at the eleventh vertebrae and her spinal cord was severed.

She testified the collision left her paralyzed from the waist down.

Steven Ashabranner testified he was one of the people present when Stillwell was hit. He explained that a car hit the line of five parked cars, and he identified appellant as the driver of the car responsible for the collision. Ashabranner testified that, after the collision, appellant was sitting behind the steering wheel of his car "stunned." He further explained appellant was dazed, disoriented and bleeding.

Dallas Police Officer D.G. Marchetti testified he saw the wreckage from four or five blocks away. He described the scene as a "chain reaction accident" with five wrecked vehicles hitting each other. There were no skid marks, and the vehicle driven by appellant was traveling at approximately 60 MPH when it hit the parked cars. Officer Marchetti went to the hospital where Stillwell and appellant were taken. Appellant refused a blood sample, and Officer Marchetti completed the paperwork for a mandatory blood sample, taken as a part of his DWI investigation. Marchetti charged appellant with DWI, but appellant was later indicted for aggravated assault. During the aggravated assault trial, appellant's motion to suppress the results of the involuntary blood sample was granted.

Prior to sentencing, the record reflects appellant made the following statement to the trial court: "I just wanted to say that I wish Miss Stillwell had been here today. I wanted to tell her how sorry I was and how bad I felt about what happened." Appellant further testified: "I just wanted to say that I am sorry about what happened and I do have remorse for what happened. I am asking the Court to have mercy on me during the sentencing. I know what I did was a mistake."

Appellant appealed his conviction for aggravated assault to the Eastland Court of Appeals, who affirmed appellant's conviction. *See Williams v. State*, No. 11-95-175-CR, 1996 WL 33674375 (Tex. App.—Eastland July 11, 1996, pet. ref'd) (not designated for publication).

On July 11, 2011, appellant filed his motion for post-conviction forensic DNA testing in the Criminal District Court No. 4. In his motion, appellant alleged "DNA testing of this blood would show there is no connection between [himself] and the crime charged." Appellant further argued identity is an issue "because according to the trial record, the alleged offense occurred at one location while the blood was allegedly obtained at a different location."

On June 21, 2012, the trial court found appellant was not entitled to post-conviction DNA testing under chapter 64 of the Texas Code of Criminal Procedure and denied the motion. Specifically, the trial court found: (1) appellant's identity is not an issue and was never an issue, (2) appellant failed to establish that any evidence that may be tested for DNA still exists in regard to the case to which the motion applies, (3) appellant failed to establish that any DNA testing would have resulted in him not being convicted, and (4) appellant failed to satisfy the requirements of articles 64.01 and 64.03 applicable to DNA testing.

## Analysis

At the outset, we note that appellant filed a pro se brief on appeal. Although we construe pro se pleadings and briefs liberally, a pro se litigant is still required to follow the same rules and laws as litigants represented by a licensed attorney. *See Digges v. State*, No. 05-10-00239-CR, 2012 WL 2444543, at *3 (Tex. App.—Dallas June 28, 2012, pet. ref'd) (not designated for publication) (citing *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184–85 (Tex.1978); *Drum v. Calhoun,* 299 S.W.3d 360, 364 (Tex. App.—Dallas 2009, pet. denied)).

In his first issue, appellant argues the trial court lacked jurisdiction to consider a request for DNA testing of biological material not secured in relation to the offense that is the basis of the challenged conviction under article 64.01(b). However, the code of criminal procedure vested the convicting court, the Criminal District Court No. 4, with the authority to order post-conviction DNA testing. *See* TEX. CODE CRIM. P. arts. 64.01(a-1), 64.03(a) (permitting a

convicting person to submit to the *convicting court* a motion for forensic DNA testing of evidence and permitting the *convicting court* to order forensic DNA testing). The record, therefore, reflects appellant properly filed his motion for post-conviction DNA testing with the Criminal District Court No. 4, and we conclude the trial court had jurisdiction to decide the motion.[1] *See id.* We overrule appellant's first issue.

In his remaining issues, appellant challenges the jurisdiction of the underlying court to hear his motion for post-conviction DNA testing. However, none of these issues address the statutory criteria required for DNA testing nor would DNA testing resolve any of his remaining complaints. *See* TEX. CODE CRIM. P. art. 64.03(a)(1), (2) (laying out the requirements for DNA testing). Therefore, we overrule appellant's remaining issues.

### Conclusion

Having overruled appellant's six issues, we affirm the judgment of the trial court.

/David L. Bridges/

Do Not Publish
TEX. R. APP. P. 47
121015F.U05

DAVID L. BRIDGES
JUSTICE

---

[1] In the caption of appellant's handwritten motion, he specifically lists "In the Criminal District Court Number 4" as the proper court. Thus, appellant submitted to the jurisdiction of the Criminal District Court No. 4, sought affirmative relief for himself at the hands of the court, and then waited until the adverse result before suggesting a jurisdictional question.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL D. WILLIAMS, Appellant

No. 05-12-01015-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. F94-03570-TK.
Opinion delivered by Justice Bridges.
Justices Moseley and Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered August 7, 2013

/David L. Bridges/

DAVID L. BRIDGES
JUSTICE